CARMACK *et al.* v. DADE COUNTY, *Appellant.*

Division Two, March 18, 1895.

1. **Supreme Court Practice:** ERROR: PRESUMPTION. A judgment of the trial court in favor of the plaintiff as to all of several items of an account will, on appeal, be presumed to be correct, where a part of them are admitted to be just and appellant fails to specify any erroneous ones.

2. **Coroner:** INQUEST: COSTS. The certificate of the coroner is, in an action against a county for the costs of an inquest, *prima facie* evidence that the services were rendered.

*Appeal from Dade Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Seymour Hoyt* for appellant.

(1) The evidence shows that all just claims accruing at the inquest were paid and no further sum should be exacted from the county. (2) The coroner, or justice of the peace acting for him, is not authorized to continue his inquest indefinitely.

*Mann & Talbutt* for respondent.

The judgment of the circuit court shows that the costs and expenses were the fees allowed by law for the services rendered, and there was included in the statement, filed by the acting coroner, no items of fees, costs or expenses not authorized by law, or for any service not actually performed. See *State ex rel. v. Marshall*, 82 Mo. 484.

BURGESS, J.—This case originated in the county court of Dade county. Plaintiffs presented to that court an itemized statement of costs and expenses of an inquest held by J. W. Carmack, a justice of the peace and acting coroner, over the dead body of one L. W. Morgan, who had been murdered by some unknown person. The amount of the bill of costs as presented was $355, of which the court allowed only the sum of $41.27. Plaintiffs then appealed to the circuit court, when, upon trial had before the court, a jury being waived, judgment for $355 was rendered in favor of plaintiffs against the defendant, and the same ordered certified to the county court of Dade county for payment. Defendant appealed to this court.

No declarations of law were asked or given, but the court made a finding of facts, in which it is stated that the inquest was authorized by law; that the services were rendered for which fees were charged, and that such fees were properly and legally charged against the defendant. The contention of defendant is that the finding and judgment of the court was against the evidence and the law, and that there was no evidence introduced upon which to found the judgment.

Our attention has not been called to any particular item or items for which charges were made that were unauthorized by law, and, as it is conceded that a portion of the bill was properly allowed, we are unable to even conjecture what part or items it is claimed were illegal and which should not have been allowed. The presumption to be indulged is in favor of the correctness of the ruling of the court, and it devolves upon him who asserts that it committed error to point out wherein it did so.

Another contention is that there was no evidence introduce upon which to predicate the judgment.

By section 2462, Revised Statutes, 1889, it is made the duty of the officer holding the inquest to present to the county court of the county in which the inquest is held a certified statement of all the costs and expenses of said inquest, including his own fees, the fees of jurors, witnesses, constables and others entitled to fees for which the county is liable. The certificate of the coroner in this case was in evidence, was *prima facie* evidence that the services were rendered for which fees were charged as therein stated, and in the absence of proof to the contrary, was all that was necessary to justify the finding and judgment of the court. The judgment is affirmed. All of this division concur.